**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEVE MNUCHIN, in his official capacity as Secretary of the Treasury,<br><br>Defendant. | Case No. 1:20-cv-1136-APM |

## JOINT STATUS REPORT

Pursuant to the Court's May 27, 2020 Minute Order, Counsel for the Plaintiffs the Agua Caliente Band of Cahuilla Indians, Ak-Chin Indian Community, Arapaho Tribe of the Wind River Reservation, Cherokee Nation, Chickasaw Nation, Choctaw Nation of Oklahoma, Snoqualmie Indian Tribe, and Yurok Tribe of the Yurok Reservation ("Plaintiff Tribes") conferred with Counsel for Defendant Steve Mnuchin ("Defendant") on May 28, 2020, and hereby submit this Joint Status Report. Despite having met and conferred in accord with the Court's order, the Parties could not reach agreement on a proposed schedule for further proceedings and hereby state their respective positions below.

**Plaintiffs' Position**: On May 26, 2020, Defendant submitted a status report to the Court and indicated that, as of 5:00 p.m. Eastern Daylight Time that day, four of the Plaintiff Tribes had not yet submitted employment and budgetary data to the Department of Treasury's online portal, required for allocating the remaining funds set aside for Tribal governments under Title V of the CARES Act, Pub. L. 116-136, 134 Stat. 281 (2020), 42 U.S.C. § 801. ECF No. 33-1, ¶ 6. However, the deadline for the Tribes to submit the requested data was many hours later that day at 11:59

p.m. Alaska Daylight Time. *Id.* ¶ 3. All Plaintiff Tribes made their submissions before the deadline. A true and correct copy of the Plaintiff Tribes' confirmation of receipt of information, wherein Defendant initially claimed Plaintiff Tribes had not submitted their information in time, is attached hereto and incorporated herein as Exhibit 1.

Defendant has announced that the Department of Treasury has extended the deadline for submitting this data until 12:00 p.m. Eastern Daylight Time on Friday, May 29, 2020. During the meet and confer, Defendant was unable to commit that the extension of the deadline to submit data would not delay distribution of the remaining CARES Act funds. Defendant has reiterated to Plaintiff Tribes two germane facts for the Court's consideration. First, the current plan has not shifted to the best of Defendant counsel's knowledge and distributions of the remaining CARES Act funds are planned to begin on June 5, 2020 and be completed within a few days thereafter. Defendant has further confirmed that other than the set aside from Alaska Native Corporations (ANCs), all of the $3.2 billion will be distributed at that time.

Congress directed Defendant to distribute all Title V funds of the CARES Act to Tribal governments within 30 days of the enactment of the CARES Act. More than 60 days have now passed and this Court indicated that, if Defendant failed to distribute these funds within 60 days, Defendant's inaction *could* amount to sufficient "egregiousness" to warrant more prescriptive Court action. ECF No. 29 at 15. As evidenced by previously filed declarations by Plaintiff Tribes, there is a desperate need for these funds to alleviate the challenges caused by the novel coronavirus pandemic. *See*, *e.g.*, Affidavit of Brandon Peters, ECF No. 27-3, ¶¶ 9-13; Affidavit of Christopher Castleberry, ECF No. 27-4, ¶¶ 5-7; Affidavit of Max Ross, ECF No. 27-5, ¶¶ 8-14. In status reports to this Court, Defendant has provided a schedule for distribution for the remaining $3.2 billion in CARES Act funds, but has not definitively committed to a date certain for distribution. Despite

the emergent and pressing need for these funds, Defendant has made no commitment that the remaining funds will be distributed by June 5, 2020. Now, at the eleventh hour, Defendant states that there will be still more delay – delay that will cause further irreparable harm. Throughout this process, Defendant has moved the goal post, committing to one schedule, only to change to another. What is worse, now Defendant seems to blame the tribes, though the delays – including re-asking for new information than originally requested – plainly stems from Defendant's incompetence.

Since Defendant has now clarified the distribution will be further and unconscionably delayed beyond June 5th, Plaintiff Tribes have no choice but to renew their motion for an injunction to respectfully ask this Court to mandate distribution by a date certain.

Plaintiff Tribes respectfully propose the following briefing schedule:

- Plaintiffs shall renew their Motion for a preliminary injunction on or before **June 3, 2020**;

- Defendant shall file his Opposition on **June 5, 2020**;

- Plaintiffs shall file their Reply on **June 7, 2020**; and

- Oral Argument to occur on **June 8, 2020**, at a time convenient for the Court.

Defendant has indicated that he would prefer submitting motions for summary judgment, rather than answering Plaintiff Tribes' complaint. Plaintiff Tribes do not oppose this approach, so long as the Court adopts an expedited schedule as proposed above.

**<u>Defendant's Position</u>:**

On May 11, 2020, the Court denied without prejudice Plaintiffs'' motion for a preliminary injunction. Mem. Op. & Order (ECF No. 29). Plaintiffs had not "carried their burden to show that the Secretary's delay thus far [was] so egregious as to warrant mandamus relief." *Id.* at 2. The

Court made clear that Defendant's allotted time was not "indefinite," however, and that Plaintiffs could renew their motion "should the Secretary's failure to distribute the remaining Title V funds persist for much longer." *Id.* at 15. More specifically, the Court signaled that the question of "egregiousness" would become "closer" "should the Secretary's delay verge on doubling the time Congress mandated." *Id.* Thus, the Court suggested that a delay until June 25, 2020, might warrant Plaintiffs' renewing their motion, while stopping short of "set[ting] a firm date." *Id.*

On May 15, 2020, Defendant filed a status report and attached a comprehensive plan to begin making payments by June 5—well short of the point of potential unreasonableness indicated by the Court. In response, the Court ordered another status report to be filed one week later, and has since ordered additional such reports.

On May 26, 2020, Defendant conveyed in its status report that nearly two thirds of Tribes had not yet submitted the requisite data, and that Defendant was considering an extension of the submission deadline. Defendant later extended that deadline to 12:00 p.m. today.

As Defendant anticipates explaining in its forthcoming status report, due Tuesday, June 2, 2020, there continue to be issues with the Tribes' submissions. Many of them are, upon initial review, either incomplete or incorrect. Many of them still have not yet been submitted. For these reasons, it is possible that Defendant might not make allocation determinations by June 4, or payments by June 5, 2020. Again, Defendant hopes to shed more light in its forthcoming status report.

Defendant does not believe that a slight delay past June 5, even if it is necessitated, warrants renewal of Plaintiffs' motion at this juncture. Defendant has been, and will continue to be, transparent about its timing in status reports filed publicly with this Court. Indeed, in light of the fact that status reports will provide the same opportunity as a motion for this Court to evaluate the

continuing efforts of Defendant to pay the amounts provided for by statute, Defendant submits that additional motions practice is entirely unwarranted. Instead, Defendant proposes to continue submitting status reports as ordered by the Court, which will keep it apprised—along with Plaintiffs and the public—about Defendant's progress towards payments.

If this Court prefers to set a briefing schedule now, rather than wait to evaluate Defendant's status reports, Defendant respectfully submits that summary judgment is the vehicle to resolve this dispute, without the need for an answer from Defendant. Thus, Defendant proposes the following schedule:

- Plaintiffs' Motion:        June 25, 2020

- Defendant's Opposition:  June 30, 2020

- Plaintiffs' Reply:         July 2, 2020

- Hearing:                  July 3, 2020

Dated: May 29, 2020

   /s/ Keith M. Harper
Keith M. Harper, DC Bar No. 451956
Catherine F. Munson, DC Bar No. 985717
Mark H. Reeves, DC Bar No. 1030782
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005
Tel:  202-508-5800
Fax:  202-508-5858

Rob Roy Smith (admitted *pro hac vice*)
WSBA No. 33798
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Tel: (206) 467-9600
Fax:  (206) 623-6793

*Attorneys for Plaintiffs*

JOSEPH H. Hunt
Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

 /s/ Jason C. Lynch
Jason C. Lynch, DC Bar No. 1016319
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2020, I electronically filed the forgoing Joint Status Report with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

 /s/ Keith M. Harper
Keith M. Harper