UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, *et al.*,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN MNUCHIN, in his official capacity as Secretary of Treasury,<br><br>    Defendant. | Case No. 1:20-cv-01136 |

## PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs the Agua Caliente Band of Cahuilla Indians, Ak-Chin Indian Community, Arapaho Tribe of the Wind River Reservation, Cherokee Nation, Chickasaw Nation, Choctaw Nation of Oklahoma, Snoqualmie Indian Tribe, and the Yurok Tribe of the Yurok Reservation (Plaintiffs or Plaintiff Tribes) hereby renew their motion for a preliminary injunction directing the Defendant, Treasury Secretary Steven Mnuchin (the Secretary), to immediately comply with his statutory duty to disburse all of the pandemic relief funding appropriated for tribal governments under Title V of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) (hereinafter "Title V funds"). Defendant's continuing, unreasonable delay in performing his clear duty has caused, and continues to cause each day, irreparable harm to Plaintiffs that can only be remedied by the immediate entry of the requested relief.

Now having taken over twice as long as the time mandated by Congress to distribute all of the Title V funds, and having already postponed his proffered distribution date on more than one occasion, Defendant is again attempting to move the goalposts, offering June 12, 2020—77 days

after the passage of the CARES Act—as a tentative distribution date for the remaining Title V funds. Importantly, this date itself is only a "plan;" Defendant has intentionally refrained from making any firm commitment.[1,2]  Because Defendant has made clear that the distribution will be further and unreasonably delayed, and still refuses to commit to a definite distribution date, Plaintiff Tribes have no choice but to renew their motion for an injunction to respectfully ask this Court to mandate distribution by an immediate and definitive date.[3]

## ARGUMENT

The tentative date offered by Defendant for distribution of the remaining Title V funds will constitute a delay of 77 days—over two and a half times the 30-day timeframe mandated by Congress in the CARES Act. This Court made clear that if Defendant was on the "verge on doubling the time Congress mandated to fully disburse Title V funds to Tribal governments" then Defendant's inaction could amount to sufficient "egregiousness" to warrant injunctive relief. *See* ECF No. 19 at 15. This Court has also made clear it understands the harms Plaintiffs are suffering

---

[1] Defendant appears to blame Tribes for the delays in making the distribution. *See, e.g.*, ECF No. 35 at 4. The reality, however, is that Defendant's incompetence and abysmal data submission system is the root cause of the delay, as demonstrated in the attached declaration. *See* Declaration of Tralynna Scott. First, the portal through which Defendant required Tribes to submit information was inaccessible and required numerous attempts over days to finally access. *See id.* at ¶ 5–6. Second, the portal was hopelessly dysfunctional and, *inter alia,* required Tribes to chop up their submissions into small increments in order to navigate the portal's small file size limits. *See id.* Third, when Defendant sought additional information because information was allegedly not correct or incomplete, he failed to explain what was incomplete and incorrect. *See id.* at ¶ 1–2; *see also* Exhibit 1. All Tribal Plaintiffs attempted to diligently comply with Defendant's request for additional information and their efforts were frustrated by Defendant and Defendant's dysfunctional system.

[2] Defendant appears to be attempting to characterize distribution of the Title V funds as an application process, consistently using terms like "application," "applicant," and "eligibility." *See, e.g.,* Exhibit 1. Nowhere in the CARES Act does Congress refer to Tribal governments being subject to an application process in order to receive the Title V funds.

[3] Consistent with the instructions of the Court, Plaintiff Tribes will not restate the facts and governing law of this matter as this Court is already familiar with both.

due to Defendant's inaction in the context of the ongoing public health crisis.[4] Given the emergency nature of the CARES Act, the fact that the present delay is within the range in which this District has found to be unreasonable, and that Defendant still refuses to commit to a definitive distribution date, Defendant's delay in performing his statutory duty is sufficiently egregious as to warrant injunctive relief.

The Court's analysis in *Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Pompeo ("Afghan & Iraqi Allies)* 2019 WL 4575565 (D.D.C. Sept. 20, 2019), *reconsideration denied,* No. 18-CV-01388 (TSC), 2020 WL 587878 (D.D.C. Feb. 5, 2020) is instructive. That case involved a class of Afghan and Iraqi nationals that had worked for the United States, at grave risks to life and limb, who sought refuge in the United States and sued the Department of State requesting, *inter alia*, to have the agency's delay in processing and adjudicating their Special Immigrant Visa ("SIV") applications declared unreasonable. *Id.* at *1. The plaintiffs had submitted their SIV applications pursuant to federal statutes which provided for a nine-month timeframe for the Secretary of State to complete all steps incidental to issuing such visas, yet the plaintiffs had been waiting for between 18 and 52 months. *Id.* at *1–2. Finding that the nine-month benchmark provided a "rule of reason," noting that "complexity alone does not justify extensive delay," and taking into account that the defendants had not offered a definite timeframe for when they expected to adjudicate the plaintiffs' applications, the court found the agency's delay to be unreasonable and granted the plaintiffs injunctive relief. *Id.* at *7–8, *11 (internal citations omitted)); *see also Muwekma Tribe v. Babbitt*,

---

[4] *See, e.g.,* ECF No. 19 at 13 ("Without full funding, Tribes will be forced to curtail essential government services and lay off or furlough employees. The financial strain is taking a toll, and, as one affiant explains, "reduc[ing] and curtail[ing] essential government services put[s] the health and safety of tribal members at substantial risk.") (internal citations to record omitted) (alterations in original).

133 F. Supp. 2d 30, 37, 41 (D.D.C. 2000) (finding unreasonable delay where "defendants' refusal to provide the plaintiff with a definite time frame for review of its petition [did] not enable the court to evaluate any prospect of completion" and granting injunctive relief).

Similarly, in *Ensco Offshore Co. v. Salazar*, 781 F. Supp. 2d 332, 339–40 (E.D. La. 2011), a district court used the D.C. Circuit analytical framework enunciated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*) to hold that a four month delay from the time of filing a permit was sufficient to warrant judicial intervention, even though there was no express and directly applicable statutory deadline and health and welfare were not at stake. *See also* ECF No. 29 at 7–8 (applying TRAC analysis to this dispute and noting that the parties are in agreement that TRAC analysis is the governing standard).

Here, Defendant's delay is similarly egregious. Understanding the emergency nature of the pandemic crisis and the Plaintiffs' need for immediate funds, Congress commanded Treasury to distribute the Title V funds in 30 days. Now, moving the goalposts once again, Defendant proposes more than two and a half times the amount mandated by Congress and, similar to *Afghan & Iraqi Allies*, he refuses to commit to acting even by that egregiously delayed date. More egregious still, the Defendant's nonchalant approach is in stark contradistinction with congressional intent. As the DC Circuit has explained repeatedly, "the reasonableness of the delay must be judged in the context of the statute which authorizes the agency's action." *Pub. Citizen Health Research Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 34 (D.C. Cir. 1984). Though the plaintiffs in *Afghan & Iraqi Allies* were also facing harms to health and welfare, the statute at issue was programmatic. The context here is emergency legislation of an unprecedented nature mandating a one-time relief payment. *A fortiori,* Defendant's continued delay in performing his duty in the context of an extraordinary public health emergency is egregious and warrants injunctive relief.

## CONCLUSION

In continuing to delay in distributing all of the Title V funds for over two and a half times the amount of time allotted by Congress, the Defendant has egregiously and unreasonably delayed the performance of his duty in violation of Congress's explicit mandate and to the extreme detriment of Plaintiffs and other Tribal governments. Defendant's irresponsibility has real costs. Because of this delay, certain Plaintiff Tribes now have curtailed essential services and must make additional layoffs. Indeed, the threat to the health and welfare of Plaintiffs' Tribal members in this ongoing health crisis is only compounding. And the longer Defendant delays in distributing all of the Title V funds, the greater the harm incurred by Plaintiffs will be. This is especially true since Plaintiff Tribes must expend any CARES Act funds by the end of the year. The delay must end. Plaintiff Tribes respectfully suggest that the Court can and should enter an injunction directing Defendant to disburse all of the desperately needed Title V funds to Plaintiffs by an immediate and definitive date, June 12th.

ORAL ARGUMENT REQUESTED


Respectfully submitted June 5, 2020.

  /s/ Keith M. Harper_____
Keith M. Harper, DC Bar No. 451956
Catherine F. Munson, DC Bar No. 985717
Mark H. Reeves, DC Bar No. 1030782

KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W.
Suite 1100
Washington, D.C. 20006
Tel:  202-508-5800
Fax:  202-508-5858

Rob Roy Smith (admitted *pro hac vice*)
WSBA No. 33798
KILPATRICK TOWNSEND & STOCKTON LLP

1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Tel: (206) 467-9600
Fax: (206) 623-6793

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this fifth day of June, 2020, I electronically filed the forgoing Plaintiffs' Renewed Motion for Preliminary Injunction (Plaintiffs' Renewed Motion) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

/s/ Keith M. Harper
Keith M. Harper